NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JARET ITSEL FUENTES-DE LA CRUZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-72783<br><br>Agency No. A208-786-885<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2021**
San Francisco, California

Before:  HAWKINS and FRIEDLAND, Circuit Judges, and McSHANE,*** District
Judge.

Petitioner Jaret Itsel Fuentes-De La Cruz ("Petitioner") seeks review of the

Board of Immigration Appeals' ("BIA") order upholding the Immigration Judge's

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael J. McShane, United States District Judge for
the District of Oregon, sitting by designation.

("IJ") denial of her claim for withholding of removal and relief under the Convention Against Torture ("CAT"). Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, we review the IJ's order as if it were the BIA's. *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

After setting forth the general standard of review for adverse credibility determinations, Petitioner's brief is devoid of any citation to case law or statute to support her argument and has effectively waived the credibility issue. Fed. R. App. P. 28 (a)(8)(A). However, even considering the merits of her appeal, substantial evidence supports the agency's adverse credibility determination. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("An adverse credibility determination is reviewed under the substantial evidence standard.").

The IJ permissibly relied on Petitioner's failure to assert any claim regarding fear of harm due to her sexuality in her first asylum application in November 2016, which alleged a fear of generalized crime and violence and that she was a target in Mexico because she had lived in the United States and was perceived as having money. Likewise, Petitioner failed to make any mention of this ground in her December 2017 reasonable fear interview, where she said her fear of returning to Mexico stemmed from membership in a social group of "unaccompanied women with tattoos who are perceived as being from the United States and having money and means and who cannot defend themselves against predatory men." Petitioner

did not assert her claim of fear due to sexual orientation until a second reasonable fear interview in January 2018. This was not a minor omission of details supporting a claim, but an entirely new claim of persecution. *See Iman v. Barr*, 972 F.3d 1058, 1068–69 (9th Cir 2020) ("[T]he principal danger we associate with omissions are last-minute attempts to use new allegations to artificially enhance claims of persecution."); *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (omissions not trivial but pivotal events crucial to claim of persecution). Petitioner's explanations were not "persuasive enough to compel the conclusion that the omissions were immaterial." *Silva-Pereira*, 827 F.3d at 1186 (quoting *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010)). In addition, the IJ reasonably questioned Petitioner's credibility for having married a male while held in custody, apparently attempting to receive an immigration benefit through a sham marriage.[1]

**PETITION DENIED.**

---

[1] Petitioner's Motions for a Stay of Removal [Dkt. Entries No. 1 and 5] are denied as moot.